UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**BRIDGIT BROWN,**

    **Petitioner,**

v.                                  **Case No. 2:09-cv-00735**
                                   **(Case No. 2:07-cr-00148)**

**DONNA ZICKEFOOSE, Warden,**
**FCI Danbury, CT,**[1]

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

By Standing Order, the District Court referred Petitioner's letter-form motion for relief pursuant to 18 U.S.C. § 3621(e)(2)(B) (docket # 1) to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition. Petitioner's criminal prosecution was assigned to the Hon. David A. Faber, who has recently taken senior status. Petitioner's pending motion is assigned to the Hon. John T. Copenhaver, Jr.

Petitioner[2] was convicted upon her guilty plea of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1). She was sentenced to serve 37

---

[1] The Clerk supplied the respondent. Petitioner's letter did not name an opposing party.

[2] Ms. Brown's first name in her criminal case was spelled "Bridget."

1

months in prison, to be followed by a four-year term of supervised release.  (<u>United States v. Brown</u>, No. 2:07-cr-00148, # 28, April 24, 2008.)  She has been in custody since May, 2008.  <u>Id.</u>, at 2.  She did not take a direct appeal.

Petitioner's letter-form motion, addressed to Judge Faber, states as follows [spelling corrected]:

> Dear Mr. Judge Faber, God bless you.  The reason that I am writing you is because I don't know who else could help me with my situation and Mr. Faber, I'm gonna be honest with you, I don't belong here.  I'm from West Virginia and have been serving my time all the way in Danbury, Connecticut and have been ever since April 08 when you sentenced me to 37 months in a federal prison.  Mr. Faber, you asked that the BOP [Bureau of Prisons] place me some place close to home and also that I attend a drug course.  I have attended a 500 hour course and completed well over 400 hours then they put me out.  I signed halfway house papers for the 7th of July.  I was falsely accused from another inmate about a racial slur.  Sir, I assure you that it was not true.  I was placed in the Special Housing Unit because I was assaulted with a lock. Almost cracked my eye socket.  My face is scarred for life and I'm scared.  I don't know what to do.  I need to see my family.  Their money is fixed and are in their 50's and my daughter is 2 yrs. old.  Mr. Faber, I am asking that you please grant me my 3621 early release back so that I can begin to rebuild my life.  Thank you for your time.  I also enclose a handwritten copy of a letter that I sent to region office in Washington, DC and got nothing.
> /s/ Bridgit Brown

It appears to the court that Petitioner's letter requests the District Court to modify her sentence so that she is granted a one-year reduction for successful completion of a residential substance abuse program, even though she admits that she did not successfully complete the program.  <u>See</u> 18 U.S.C. § 3621(e)(2)(B).  The court

has not ordered the United States to file a response because Petitioner's Motion is without merit.

Title 18, United States Code, Section 3582(c) provides as follows:

> **(c) Modification of an imposed term of imprisonment.** The court may not modify a term of imprisonment once it has been imposed except that -
>
> **(1)** in any case –
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . and
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner's reason for a modification is not one of the exceptions in § 3582(c). The Director of the Bureau of Prisons has not filed a motion to reduce her sentence. The provisions of Rule 35, Fed. R. Crim. Pro., do not allow for a reduction in sentence for post-conviction rehabilitation. Defendant's sentencing range has not been lowered by the Sentencing Commission since imposition

of judgment.

The applicable regulation of the Bureau of Prisons provides as follows:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and <u>successfully</u> completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

28 C.F.R. § 550.58. [Emphasis added.]

The Supreme Court of the United States has held that 28 C.F.R. § 550.58 is a permissible exercise of the BOP's discretion under 18 U.S.C. § 3621(e)(2)(B). <u>Lopez v. Davis</u>, 531 U.S. 230 (2001). The Court ruled that § 3621(e)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised. The Court specifically rejected Lopez' argument that the BOP should engage in case-by-case analysis and decision-making. It is the Bureau of Prisons, not the sentencing court, which determines whether an inmate is entitled to a sentence reduction.

Accordingly, the court proposes that the presiding District Judge **FIND** that it lacks authority to grant Petitioner's motion because it "may not modify a term of imprisonment once it has been imposed," and because only the Bureau of Prisons can decide whether an inmate is eligible for early release.

For the foregoing reasons, it is respectfully **RECOMMENDED** that Petitioner's letter-form Motion be denied.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and three days (mailing) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to

counsel of record. The Clerk is further directed to docket this Proposed Findings and Recommendation and Petitioner's letter-form motion in Petitioner's criminal case.

   July 16, 2009                                     *Mary E. Stanley*
      Date                                         Mary E. Stanley
                                               United States Magistrate Judge